**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| OC HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-cv-12272-AK |
| | ) | |
| CITY OF BROCKTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>ORDER</u>

**KELLEY, D.J.**

Plaintiff OC Houston, who is self-represented, has filed a renewed Motion for Leave to Proceed *In Forma Pauperis* [Dkt. 8], a pleading captioned as an "Amended Complaint," [Dkt. 9], and a Motion for Appointment of Counsel [Dkt. 10].  Upon review of these documents, the Court hereby **ORDERS**:

1.    The Motion for Leave to Proceed *In Forma Pauperis* [Dkt. 8] is **GRANTED.**

2.    The "Amended Complaint" is **DISMISSED WITHOUT PREJUDICE** to Houston filing a second amended complaint.

The "Amended Complaint" is an 111-page document with 884 consecutively-numbered paragraphs.  Each page contains the title "Amended Complaint under 42 U.S.C. § 1983" and the case number of this action.  However, the document is divided into thirty-three distinct complaints concerning different events and against different combinations of Defendants.  For example, in "Complaint I," Houston brings claims against a Brockton Police Officer and an Easton Police Officer, claiming that they unlawfully disseminated false information concerning Houston on the Sex Offender Registry knowing that the information was inaccurate. [Dkt. 9 ¶¶

30-60].  In "Complaint VI," Houston brings a claim against "Plymouth County," alleging that after he arrived at Plymouth County Correctional Facility in 2020, medical staff failed to provide him adequate treatment for an obvious hand injury. [Id. ¶¶ 175-194].  "Complaint XVII" concerns Houston's June 14, 2024 arrest by Brockton Police Officer Chris Perez. [Id. ¶¶ 454-476].[1]  "Complaint XXXIII" is a claim against the City of Brockton, the Town of Easton, "Plymouth County/PCCF," and John/Jane Doe defendants for "retaliation through FOIA denial and email blocking," that allegedly resulted in a severe mental health injury and homelessness. [Id. ¶¶ 811-843].  At the beginning of each "Complaint" Houston "incorporates all preceding paragraphs as if fully set forth herein." [Id. ¶¶ 30, 175, 454, 811].

Houston cannot litigate thirty-three separate complaints in a single action.  In addition, combining these documents into a single pleading would run afoul of Rule 20 of the Federal Rules of Civil Procedure, which limits the joinder of more than one defendant in a single action. If more than one defendant is named, the claims against the defendants must arise "out of the same transaction occurrence, or series of transactions or occurrences," and there must be "a question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2).

Thus, the Court **ORDERS** Houston to file a single, stand-alone second amended complaint that complies with Rule 20 of the Federal Rules of Civil Procedure if he wishes to proceed with this action.  Failure to do so within **thirty (30)** days of the date of this Order will result in **DISMISSAL** of this action.  The Court recommends Plaintiff inquire into Boston College Law School's Federal Pro Se Legal Assistance Program, which provides free information, advice, and limited scope legal assistance to pro se litigants in the United States

---

[1] This arrest is also the subject of Houston's amended complaint in Houston v. City of Brockton, C.A. No. 25-12275-LTS (D. Mass.).  On April 22, 2026, a summons issued for Officer Perez. Id. (Dkt. 9).

2

District Court for the District of Massachusetts, which may help in the drafting of a second amended complaint.

3.      The Motion for Appointment of Counsel [Dkt. 10] is **DENIED WITHOUT PREJUDICE** to renewal if Houston files a second amended complaint and the Court allows the case to go forward.[2]

**SO ORDERED.**

Dated: April 24, 2026                                    /s/ Angel Kelley
                                                        Hon. Angel Kelley
                                                        United States District Judge

---

[2] Because Houston is proceeding *in forma pauperis*, the second amended complaint will be subject to a preliminary review, and the Court may dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief may be granted, or seeks monetary damages from any party who is immune from such relief. See 28 U.S.C. § 1915(e)(ii).